IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DANIEL N. CARTER,                    :
                                     :
      Plaintiff,                     :
                                     :
vs.                                  :   CIVIL ACTION 04-0646-WS-M
                                     :
JACK S. TILLMAN, et al.,             :
                                     :
      Defendants.                    :


REPORT AND RECOMMENDATION


Plaintiff, a Mobile County Metro Jail inmate, who is
proceeding *pro se* and *in forma pauperis* (Doc. 4), filed this §
1983 action.  This action was referred to the undersigned
pursuant 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4),
and is now before the Court for Plaintiff's failure to
prosecute and to obey the Court's Order (Doc. 6).

A prisoner is obligated to pay the $150.00 filing fee for
filing a § 1983 action while he is incarcerated.  *Gay v. Texas
Dept. of Corrections State Jail Div.*, 117 F.3d 240, 242 (5th
Cir. 1997); 28 U.S.C. § 1915(b)(1).  While Plaintiff was
incarcerated, he was granted leave to proceed *in forma
pauperis*, without paying a partial filing fee.  However, when
Plaintiff notified the Court of a change in his address (Doc.
5), the Court observed that Plaintiff's new address indicated

that Plaintiff was no longer incarcerated.  Because Plaintiff

is still obligated to pay the $150.00 filing fee, *Gay*, 117

F.3d at 242, the Court ordered Plaintiff by January 31, 2005,

to pay the $150.00 filing fee, or to file a new motion to

proceed without prepayment of fees so the Court could

determine a payment schedule for paying the filing fee (Doc.

6).  Plaintiff was warned that his failure to comply with the

Court's Order within the prescribed time would result in the

dismissal of this action for failure to prosecute and to obey

the Court's Order.  Plaintiff's copy of the Court's Order has

not been returned to the Court, nor has the Court, to date,

heard from Plaintiff since the Order was entered.

Due to Plaintiff's failure to comply with the Court's

Order of January 4, 2005 (Doc. 6), the undersigned concludes

that Plaintiff has abandoned the prosecution of his action.

Upon consideration of the alternatives available to the Court,

it is recommended that this action be dismissed without

prejudice pursuant to Rule 41(b) of the Federal Rules of Civil

Procedure as no other lesser sanction will suffice.  *Link v.*

*Wabash R. R.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734

(1962) (interpreting Rule 41(b) not to restrict the court's

inherent authority to dismiss *sua sponte* an action for lack of

prosecution); *World Thrust Films, Inc. v. International Family*

*Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995);

*Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th

Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir.

1985); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

*Accord Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123,

115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent

power to manage their own proceedings authorized the

imposition of attorney's fees and related expenses as a

sanction); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-

46 (11th Cir.) (finding that the court's inherent power to

manage actions before it permitted the imposition of fines),

*cert. denied*, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140

(1993).

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION <u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de</u> <u>novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a

matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 8th day of June, 2005.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE